UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EDGAR BRAUD and LAUREN BRAUD | * | CIVIL ACTION |
| versus | * | NO. 07-1572 |
| STATE FARM FIRE AND CASUALTY COMPANY | * | SECTION "F" |

ORDER AND REASONS

Before the Court are two motions filed by State Farm: (1) motion for partial summary judgment on flood offset; and (2) motion for partial summary judgment on non-retroactivity of former LA R.S. 22:658 and LA R.S. 22:1220 and attorneys' fees. The parties have essentially submitted form motions and oppositions on these settled issues of law.[1]

The Court has already ruled on these issues presented time and time again, in which Hurricane Katrina plaintiffs seek to recover uncompensated wind damage pursuant to their homeowner insurance policy after having recovered their flood policy limits, and further seek to recover under the amended penalty statutes notwithstanding that their proof of loss was submitted before the amendments were passed. The Court is given no reason to depart from settled principles it has previously applied in denying State Farm's motion on flood offset and granting State Farm's motion on

---

[1] Counsel are reminded of their professional obligations under 28 U.S.C. § 1927.

non-retroactivity of the amendments to the penalty statutes. See, e.g., Galloway v. State Farm Fire & Cas. Co., No. 06-8748, 2008 WL 1712309, at *4-5 (E.D. La. Apr. 9, 2008).

First, State Farm seeks a generic ruling by the Court that it should get credit for the flood payment already made to the Brauds. As another Section of this Court has noted, and this Court agrees, "no policy provision or legal principle prevents plaintiffs from recovering for previously uncompensated, covered damage, without reference to the amount received under their flood policy, so long as the combined recovery does not exceed the value of the property." Broussard v. State Farm Fire and Casualty Co., No. 06-8084, 2007 WL 2264535, at *4 (E.D. La. Aug. 2, 2007) (Vance, J.) (citing Weiss v. Allstate Ins. Co., 2007 WL 891869, at *3 (E.D. La. Mar. 21, 2007)). On this record, State Farm has not shown that it is entitled to judgment as a matter of law that the plaintiffs' recovery is limited to a certain value, or percentage of a value. To be sure, the plaintiffs will not be permitted to recover twice for the same loss, but State Farm has not shown it is entitled to judgment as a matter of law that the plaintiff's recovery is limited to a certain value. Accordingly, the defendant's motion for partial summary judgment on flood offset is DENIED.

Second, State Farm contends that, because the plaintiffs' bad faith claim under former Section 22:658 arose before the 2006 amendment, their potential recovery is limited to 25% and no

attorney's fees.  The Court agrees.  See, e.g., Galloway, 2008 WL 1712309, at *3-4.[2]

New Orleans, Louisiana, October 14, 2009.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] As this Court and others have determined, the plaintiffs' attempts to assert retroactivity or continuing liability have no merit.  See, e.g., Galloway, 2008 WL 1712309, at *3 (citing cases, including Sher v. Lafayette Ins. Co., 988 So.2d 186, 199 (La. 2008), which have rejected Katrina plaintiffs' attempts to recover under revised penalty statutes).  The plaintiffs' assertion that they submitted an expert report after the effective date of the amendment, without more, fails to raise a genuine issue of material fact as to whether their claim for damage arose after the effective date of the amendment.  The plaintiffs have not shown, only suggested, that new damage was discovered.